## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREA KIRBY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs.- | ) | Case No. |
| | ) | |
| CONTINENTAL TIRE THE | ) | |
| AMERICAS, LLC; | ) | |
| DANIEL  SIEFERT | ) | |
| AUSTIN CRITES; | ) | |
| ALEX MENDOZA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Andrea Kirby, by counsel, brings this Complaint against Defendants Continental Tire the Americas, LLC (known hereafter as "Continental Tire"), Daniel Siefert, Austin Crites, and Alex Mendoza, and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from a sexually charged false rumor circulated in Plaintiff's workplace, Continental Tire's refusal to stop the harassment after receiving actual notice, and a sequence of threatened and actual adverse employment actions after Plaintiff demanded that the harassment be reported and stopped.

2. Plaintiff asserts federal claims against Continental Tire for sex-based harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

3. Plaintiff also asserts a related Illinois claim for intentional infliction of emotional distress against Continental Tire, Defendant Daniel Siefert, Defendant Austin Crites, and Defendant Alex Mendoza.

## JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiff's related Illinois claim under 28 U.S.C. § 1367 because that claim forms part of the same case or controversy as the Title VII claims.

6. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred at Continental Tire's Mt. Vernon, Illinois plant, within the Southern District of Illinois.

## PARTIES

7. Plaintiff Andrea Kirby is a citizen of Illinois and resides in Jefferson County, Illinois.

8. Continental Tire is Plaintiff's employer and operates a tire-production plant in Mt. Vernon, Jefferson County, Illinois. Continental Tire employs substantially more than fifteen employees and is an employer within the meaning of Title VII.

9. Defendant Daniel Siefert is an Illinois resident who is currently at Continental Tire's Mt. Vernon plant during the events alleged below. His current position Department 317 Area Lead. His position is the lead supervisor over all Passenger Light Truck Tire Building Division (PLT). He is sued under Count III only.

10. Defendant Austin Crites is an Illinois resident who worked at Continental Tire's Mt. Vernon plant during the events alleged below. His position at that time was a Tire Room Supervisor in the PLT Division. He is sued under Count III only.

11. Defendant Alex Mendoza is an Illinois resident who served as Plaintiff's supervisor at Continental Tire Mt. Vernon plant during the events alleged below. He is sued under Count III only.

## ADMINISTRATIVE EXHAUSTION

12. On June 8, 2025 Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and/or the Illinois Department of Human Rights, Charge No: 440-2025-11818, naming Continental Tire and alleging Disability in violation of the American Disability Act, Sexual-Based Harassment, Retaliation and any other Exhausted Basis.

13. The EEOC issued Plaintiff a Notice of Right to Sue dated May 6, 2026 which Plaintiff received on the same date, May 6, 2026 via email.

14. This action is filed within ninety days after Plaintiff received the Notice of Right to Sue.

15. All conditions precedent to Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

16. Continental Tire hired Plaintiff on December 6, 2021, as a PLT Tire Builder.

17. By January 2025, Plaintiff was serving as an acting or surrogate production supervisor.

18. Plaintiff performed her work satisfactorily and was qualified for the positions she held.

19. During January 2025, Defendant Crites worked in the same plant and general work area as Plaintiff.

20. On or about January 21, 2025 Defendant Crites knowingly circulated a false and sexually charged rumor among Continental Tire employees that Plaintiff was engaged in a sexual relationship with coworker Ryan Maynor. Information received by Plaintiff was Defendant Crites was spreading the false statements and referred to the false allegations as a "juicy story."

21. Defendant Crites also circulated the false allegation that Maynor had fathered a child with Plaintiff. Defendant Crites' text message was viewed by Marissa Slover which stated, "there is a super juicy gossip about a supervisor in the tire room but it's a big deal because her husband is a supervisor in a different department but it is not his baby."

22. Plaintiff and Joshua Kirby were married on February 14, 2007. Joshua Kirby who that the time of the false accusations was and is currently a supervisor, Maintenance Team Lead at Continental Tire.

23. Defendant Crites knew the allegations regarding the illicit affair and pregnancy were false and knew they would damage Plaintiff's marriage, reputation, standing with coworkers, and authority as a female supervisor.

24. The sexualized rumors of the illicit affair and pregnancy was unwelcome. It demeaned Plaintiff because of her sex and undermined her authority in the workplace.

25. On January 21, 2025, Plaintiff reported rumors of the illicit sexual affair and pregnancy to her supervisor, Defendant Mendoza. The Plaintiff asked Defendant Mendoza to stop Defendant Crites from spreading false rumors. The Plaintiff also requested that Defendant Crites be disciplined for his actions.

26. The Plaintiff additionally requested that Defendant Mendoza report the conduct of Defendant Crites to the Lead Supervisor Defendant Daniel Siefert.

27. Defendant Mendoza refused to assist Plaintiff with her complaint. Instead, Defendant Mendoza threatened that if the Plaintiff filed a complaint with the Continental Tire's Human Resource Department, she would lose her job and would be harassed worse than she had ever been harassed.

28. Plaintiff nevertheless directed Defendant Mendoza to file her complaint and told him that she wanted action taken to stop the sexual harassment and other false allegations.

29. Within days, beginning on or about January 26, 2025, employees whom the Plaintiff supervised began submitting complaints accusing the Plaintiff of misconduct such as but limited to; refusal to assist employees, calling the Plaintiff racist, putting on a front of being empowered, better than the Plaintiff's subordinates and writing unverified disciplinary actions.

30. The complaining employees who at that time were anonymous. Since that time the employees have been identified as but not limited to; Taylor Dawson, Ivy York, Cameron Dawson, Carol Kulich, Vanessa Dudley, (first name unknown) Ubanks, Nichole Harris, Cyah Blakemore-White, Merril Middleton,

(unknown first name) Bowlby, Reegan Robbins, Casey Johnson and Tyler Keller who are known friends of Defendant Mendoza.

31. PTL tire builder Ryan Maynor confronted Defendant Crites and told him that the rumor that Maynor had fathered a child with Plaintiff was false.

32. Continental Tire had actual notice of Plaintiff's complaint but failed to conduct a prompt, fair, and effective investigation or take reasonable steps to stop the harassment.

33. On February 24, 2025, Continental Tire demoted Plaintiff from acting or surrogate supervisor to tire builder assigned to the Plaintiff's previous tire machine, TB104.

34. Continental Tire cited as its rationale allegations for the demotion due to Brandy Halaska quitting and other unsubstantiated complaints as reported by Human Resources Business Partner, Katelyn Bozarth. Bozarth had received from employees whom the Plaintiff supposedly supervised. Those allegations were false and the names of the complainants were not established through a fair investigation.

35. On March 1, 2025, Shift Superintendent Isiah Dukes and Defendant Mendoza met with the Plaintiff at her work location and advised her of accusations reference her taking photos inside the plant, sabotaging Tire Building Machine 104 and threatening Defendant Crites.

36. Those allegations were totally unsubstantiated.

37. The Plaintiff offered to allow Dukes and Defendant Mendoza to view her cell phone photos in an effort to prove she did not take any pictures as she was accused of taking. Dukes and Defendant Mendoza stated they didn't care and she could meet with Human Resources on Monday.

38. Instead of escorting the Plaintiff discretely per company policy, Dukes and Defendant Mendoza escorted the Plaintiff in view of other employees.

39. Dallas Schmidt and Madison Stone, who filed a complaint that the Plaintiff took photos inside the plant, were waiting to watch the Plaintiff being escorted from the plant. This was a calculated manner in an effort to humiliate and demean the Plaintiff.

40. Continental Tire gathered or permitted a group of numerous employees to stand and watch as Plaintiff being escorted from the plant, intensifying the humiliation.

41. Continental Tire failed to investigate the allegations adequately before publicly escorting Plaintiff from the plant and telling her she was discharged.

42. On March 3, 2025, the Plaintiff had a telephone conference with Defendant Siefert and Katlyn Bozarth. Bozarth asked the Plaintiff several questions regarding the allegations that were lodged against her. The Plaintiff answered all of the questions that were asked. Defendant Siefert and Bozarth advised the Plaintiff she could return to work.

43. In March 3, 2025, Defendant Siefert also advised the Plaintiff he would give her a reference if she wanted to transfer to another department. Plaintiff requested to be trained on the EST machine, which is a more advanced machine. Plaintiff requested the training in an effort to advance her career. Defendant Siefert agreed that the Plaintiff would receive training on the EST machine. The Plaintiff was never provided training on the EST machine.

44. In March 2025 the Plaintiff in an email with Defendant Siefert inquired why Defendant Siefert had not given her a reference as he promised. Defendant Siefert failed to respond to the email.

45.   On March 3, 2025 the Plaintiff was permitted to return to work after the accusations could not be substantiated; stripped her of supervisory duties; reassigned her to more difficult work; isolated her from her husband and coworkers; disregarded her deteriorating condition and requests for help; and terminated her employment.

46.   Plaintiff applied for twenty-five positions within the Continental plant that she was qualified for.  The Plaintiff was given only two (2) interviews.  The Plaintiff was not accepted at any of the positions applied.

47.   During an interview for a Tire Room Supervisor position the interviewers were Defendant Siefert, HR Business Partner Bozarth, the Talent Acquisition Officer for Salary Positions Jennifer Porter and the Department Manager for the Tire Room Phil Wert.

48.   It is unusual for HR Business Partners to participate in job interview.

49.   During the interview the Plaintiff felt intimidated and stressed by the conduct and demeanor of the Company's Officials conducting interview.

50.   In July 2025, Continental Tire moved the Plaintiff to machine TB 100 which is less reliable and substantially more difficult assembly machine to operate.  TB 100 machine is more difficult to operate making it difficult for operators to reach their quota.

51.   Plaintiff requested text messages from supervisors Defendant Mendoza and Johnny Goff for instructions and other work related communications.  Defendant Mendoza and Goff failed to supply text messages and respond to the Plaintiff's request.  Text messages are commonly used for management communications with subordinates in the plant.

52.   Continental Tire ordered the Plaintiff's husband not to be around Plaintiff or speak with her at work.

53. Managers and coworkers became distant, refused to speak with Plaintiff and openly ostracized her. The environment communicated that Plaintiff was to be treated as though she did not exist.

54. The hostility, isolation and adverse treatment continued and worsened over time.

55. Plaintiff sought medical treatment for anxiety, depression, mental anguish, loss of sleep, social withdrawal and related symptoms caused or aggravated by each of the Defendants' conduct.

56. Continental Tire, through their employees, knew that Plaintiff was experiencing serious emotional and psychological harm. Continental Tire failed to provide or assist the Plaintiff in seeking professional treatment.

57. In June 2025, the Plaintiff emailed HR Benefits Coordinator Kayla Payne and requested accommodations and assistance through the American Disability Act (ADA) that would allow her to continue working in a safe and productive environment.

58. Continental Tire failed to take meaningful steps to assist Plaintiff or end the retaliatory and hostile conditions.

59. On April 13, 2026 Continental Tire terminated Plaintiff's employment.

60. By August 6, 2026, Plaintiff had difficulty leaving home, sleeping, maintaining a healthy marital relationship with her husband, sustaining social relationships, and functioning in public.

61. On August 6, 2025, Plaintiff was forced to take short-term disability leave because her health condition had deteriorated sharply.

62. As a direct and proximate result of each of the Defendants' conduct, Plaintiff lost wages, employment benefits, retirement contributions and benefits, professional standing, and career opportunities, and she sustained severe emotional distress and medical expenses.

## COUNT I
## TITLE VII - SEX-BASED HARASSMENT AND HOSTILE WORK ENVIRONMENT
### (Against Continental Tire Only)

63. Plaintiff realleges paragraphs 1 through 62 to the extent consistent with this Count.

64. Plaintiff was subjected to unwelcome harassment because of her sex, including the widespread circulation of a sexually charged false rumors that demeaned her as a woman and undermined her authority as a female supervisor.

65. The harassment and the surrounding conduct were sufficiently severe or pervasive, viewed in their totality, to alter the conditions of Plaintiff's employment and create an objectively and subjectively hostile and abusive work environment.

66. Continental Tire knew of the harassment because Plaintiff reported it directly to Defendant Mendoza, her supervisor, and demanded that a complaint be filed and corrective action taken.

67. Continental Tire failed to take prompt and effective corrective action. Instead, Plaintiff was threatened, demoted, publicly escorted from the plant, stripped of supervisory duties, reassigned to more difficult work, isolated, and ultimately terminated.

68. Continental Tire's acts and omissions violated 42 U.S.C. § 2000e-2.

69. Continental Tire acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

70. As a direct and proximate result, Plaintiff sustained the damages described above.

## COUNT II
## TITLE VII - RETALIATION
### (Against Continental Tire Only)

71. Plaintiff realleges paragraphs 1 through 62 to the extent consistent with this Count.

72. Plaintiff engaged in protected activity when she opposed and reported sexually charged, sex-based workplace harassment and demanded that Continental Tire file her complaint and stop the conduct.

73. Defendant Mendoza and Continental Tire knew of Plaintiff's protected activity.

74. Defendant Mendoza immediately threatened Plaintiff with discharge and increased harassment if she pursued a complaint.

75. After Plaintiff insisted that her complaint be filed, Continental Tire subjected her to materially adverse actions, including the use of employee complaints against her, demotion, a staged and humiliating escort from the plant, a purported discharge, stripping of supervisory responsibilities, reassignment to more difficult work, enforced isolation, refusal to provide meaningful assistance, and ultimate termination.

76. The timing, sequence, shifting accusations, failure to substantiate the accusations, and disparate treatment support a reasonable inference that Plaintiff's protected activity was a cause of the challenged actions.

77. Continental Tire's conduct violated 42 U.S.C. § 2000e-3(a).

78. Continental Tire acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

79. As a direct and proximate result, Plaintiff sustained the damages described above.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - ILLINOIS LAW
### (Against Continental Tire, Defendant Siefert, Defendant Crites and Defendant Mendoza)

80. Plaintiff realleges paragraphs 1 through 62 to the extent consistent with this Count.

81. Defendant Crites knowingly circulated false, sexually charged allegations calculated to damage Plaintiff's marriage, reputation, supervisory authority, and emotional well-being.

82. Defendant Siefert and Defendant Mendoza neglected their supervisory authority by failing to take corrective measures to prevent further harassment of the plaintiff.

83. Defendant Mendoza abused his authority by threatening Plaintiff with discharge and worse harassment if she complained and participated in or enabling the events that followed after Plaintiff insisted that her complaint be filed.

84. Continental Tire, acting through its managers and authorized decision-makers, demoted Plaintiff based on unsubstantiated allegations; staged or permitted a public and humiliating escort from the plant.

85. Continental Tire managerial employees conducted and implemented, authorized, or ratified the challenged employment decisions. The conduct attributed to Continental Tire was deliberate corporate conduct, not an accidental injury from Continental Tire's perspective.

86. Each of the Defendants' conduct, considered individually and as a continuing pattern, was extreme and outrageous and exceeded all reasonable bounds of decency in an employment relationship.

87. Each Defendant intended to cause severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress.

88.  Defendants knew Plaintiff was suffering serious emotional and psychological harm, yet the conduct continued.

89.  Defendants' conduct directly and proximately caused Plaintiff severe emotional distress, including anxiety, depression, unhealthy marital relationship with her husband, inability to sleep, social withdrawal, inability to function normally in public, medical expenses, lost wages, and loss of enjoyment of life.

90.  Defendants' conduct was willful, wanton, malicious, and undertaken with conscious disregard for Plaintiff's rights, supporting punitive damages to the extent permitted by Illinois law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andrea Kirby respectfully requests that the Court enter judgment in her favor and against each Defendant, as applicable, and award:

a)  Reinstatement to an appropriate position or, if reinstatement is not feasible, front pay;

b)  Back pay, lost wages, lost employment benefits, lost retirement contributions and benefits, and other equitable monetary relief;

c)  Compensatory damages for emotional pain, suffering, mental anguish, medical expenses, loss of enjoyment of life, and other proven losses;

d)  Punitive damages against Continental Tire under 42 U.S.C. § 1981(a) and against Defendants under Illinois law, to the extent permitted;

e)  Prejudgment and post judgment interest;

f)  Reasonable attorney's fees and all costs under 42 U.S.C. § 2000e-5(k); and

g)  Plaintiff requests judgment against the defendants in an amount in excess of $300,000 and for such other relief as the Court deems just and proper,

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

Andrea Kirby, Plaintiff

By: /s/ Monroe D. McWard
Monroe D. McWard
McWard Law Office
107 S. Washington Street
Taylorville, Illinois 62568
mdmcward@mcwardlaw.com
Reg. No. 06190799