UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREA KIRBY,

Plaintiff,

v.

CONTINENTAL TIRE THE AMERICAS, LLC, DANIEL SIEFERT, AUSTIN CRITES, and ALEX MENDOZA,

Defendants.

Case No. 26-cv-1028-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' motion to stay discovery (Doc. 33). For the reasons explained below, Defendants' motion is **DENIED**.

On July 31, 2026, Plaintiff filed this action asserting the following claims: sex-based harassment, hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. against its employer Defendants Continental Tire the Americas, LLC ("Continental Tire") (Counts I & II), and intentional infliction of emotional distress claim against Continental Tire and individual defendants Siefert, Crites, and Mendoza (Count III). (Doc. 1). Defendants Continental Tire, Siefert and Mendoza moved to dismiss Count III of the Complaint against them alleging that Plaintiff failed to state a claim and, alternatively, that such claim is preempted by the Illinois Human Rights Act. Thereafter, Plaintiff filed an Amended Complaint, and Defendants Continental Tire, Siefert and Mendoza renewed their motion to dismiss on the same grounds. This unopposed motion to stay discovery followed.

The filing of a dispositive motion does not automatically stay discovery. However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court has broad discretion in

managing discovery, and staying may be appropriate if the dispositive motion can "resolve the case—at least as to the moving party" or where it raises a threshold issue "such as jurisdiction, standing, or qualified immunity." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336-37 (N.D. Ill. 2005) (internal citation omitted). Yet, in exercising its discretion, the court must remain mindful of its duty to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Staying of discovery is not appropriate, for instance, where it will more likely slow down litigation as opposed to expediting it. *See Cohn v. Taco Bell Corporation,* 147 F.R.D. 154, 161–62 (N.D. Ill. 1993) (denying motion to stay discovery where the motion to dismiss would not dispose of the entire case, its success was speculative, and stay would prolong discovery).

Here, Defendants seek a blanket stay of discovery across the entire case despite moving to dismiss only Count III of the complaint as to certain Defendants. They primarily rely on the potential personal-defense burdens on Defendants Siefert and Mendoza if Count III against them is dismissed. Yet, a blanket stay of discovery is unwarranted, and it is more likely to slow down litigation as opposed to expedite it. The parties can stipulate that discovery directed to those Defendants be deferred until resolution of the motion to dismiss. The Court does not anticipate a dispute on that issue given that Plaintiff does not oppose this motion. Further, should resolution of the motion to dismiss be delayed, the parties may diligently move to extend the discovery under Fed. R. Civ. P. 16(b). In short, Defendants have not presented good cause to justify "departure from the general rule that a pending garden-variety motion to dismiss does not warrant a stay of discovery." *Bilek v. Am.'s Health Ctr. Inc.*, No. 21-CV-1651, 2021 WL 10298831, at *3 (N.D. Ill. July 30, 2021) (quoting *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010)) (internal quotations omitted).

Accordingly, Defendants' unopposed motion to stay discovery (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: November 20, 2026**



**J. PHIL GILBERT**
**DISTRICT JUDGE**